## SHELDON v. PARKER.

*Promissory note — transfer of title to, without delivery.*

The payee of a promissory note for $87 in writing agreed to sell the same to H. for a specified price, which H. agreed to pay. Afterward, and before maturity, such payee transferred the note for value to plaintiff, who knew of the agreement with H. *Held,* that the sale to H. was valid, and plaintiff was not a *bona fide* holder of the note and could not recover thereon.

APPEAL by plaintiff from a judgment rendered in the Chautauqua county court in an action tried by the court without a jury.

The action was brought by Albert B. Sheldon against John L. Parker, to recover the amount of a promissory note. It was commenced in a justice's court, where a judgment was rendered in favor of the plaintiff for $92 damages and costs, from which an appeal was taken to the county court.

The note was given for $87, dated December 1, 1871, and was payable to Samuel F. Hawley or order four months from date, and was duly transferred by Hawley to the plaintiff for a valuable consideration before maturity. The judge who tried the cause found that on the 22d day of March, 1871, and before the maturity of said note, the payee agreed in writing to sell and assign said note to Hiram Parker, and that Hiram Parker agreed to purchase the same for fifty cents on the dollar; that before and at the time of the indorsement and delivery of said note to the plaintiff, the said plaintiff well knew of the agreement for the sale and transfer of said note by Hawley to Hiram Parker.

The judge held that such plaintiff was not a *bona fide* holder of the note, and the indorsement and delivery to him passed no title, and that the title to said note passed to Parker upon the execution of the agreement of Hawley to sell the same to him, and that such an agreement operated as a present sale of said note, and dismissed the complaint, and directed judgment for the defendant accordingly.

*Levi Brown,* for appellant.

*L. B. Sessions,* for respondent.

E. DARWIN SMITH, J. The judgment rendered by the county judge we think was not erroneous. The contract of sale was complete to Hiram Parker of said note, was in writing and binding upon the parties, and not affected by the statute of frauds. It is quite clear that by the laws of England the sale of a specific chattel passes the property therein to the vendee without delivery. 1 Chitty on Contracts (11th Am. ed.), 518 ; 2 Story on Contracts, § 1018; Benj. on Sales, §§ 308–312.

In *Gilmour* v. *Supple*, 11 Moore's P. C. Cas. 556, SIR CRESSWELL CRESSWELL, in giving the opinion of the court, said that "by the laws of England, by a contract for the sale of specific ascertained goods, the property immediately vests in the buyer, and a right to the price in the seller, unless it can be shown that such was not the intention of the parties."

By the statute of frauds, a contract for the sale of goods and chattels exceeding $50, valid at common law, is declared invalid without delivery and acceptance, or payment of the whole or some part of the purchase-money, unless it is in writing. *Shindler* v. *Houston*, 1 N. Y. 261.

In this case the contract was for the sale of a specific article ; nothing was to be done to perfect it before delivery. The vendor was entitled to the price and the vendee to the delivery of the note. It was a case of perfect bargain and sale at common law, and the title passed to the vendee. The plaintiff, as held by the judge, acquired no title to the note. Hawley had no title to it to sell, and the plaintiff, having full knowledge of the facts, could acquire none.

The judgment was correct and should be affirmed.

*Judgment affirmed.*